**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JAMES D. ANDERSON,<br>  Petitioner, | Case No. 1:18-cv-149 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>  Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on the petition and respondent's return of writ (Doc. 10), to which petitioner has not replied.[1]

For the reasons stated below, the petition should be denied.

## I. PROCEDURAL HISTORY

### State Trial Proceedings and Direct Appeal

On December 16, 2014, the Scioto County, Ohio, grand jury returned a twenty-count indictment charging petitioner with seven counts of burglary, six counts of theft, three counts of grand theft, three counts of receiving stolen property, and one count of failure to comply with an order or signal of a police officer. (Doc. 9, Ex. 1). Petitioner, through counsel, entered a plea of not guilty to all charges and the case proceeded to trial on February 9, 2015. However, because the trial court was unable to seat an alternate juror, the trial was continued to February 17, 2015. (*See* Doc. 9, Ex. 2).

---

[1] Petitioner was granted two extensions of time to file a reply to the return of writ. (*See* Doc. 12, 14). Most recently, on July 31, 2018, petitioner was granted a 40-day extension. (Doc. 14). To date, long after expiration of the 40-day extension, petitioner has not filed a reply.

On February 17, 2015, the trial court continued the case for a second time, noting that "Scioto County experienced 6 inches of snow resulting in a level 2 snow emergency and not enough prospective jurors appeared to allow for the selection of twelve jurors." (Doc. 9, Ex. 3 at PageID 93). The matter was continued until the next available date on the court's trial docket.

Trial commenced on February 23, 2015. However, prior to jury selection, petitioner moved to dismiss the case pursuant to Ohio Rev. Code § 2945.71(C)(2), Ohio's speedy trial statute. (Doc. 9, Ex. 4). The trial court overruled petitioner's motion on the record. (*See* Doc. 9, Ex. 11 at PageID 163–64). Following a jury trial, petitioner was found not guilty of two counts of theft, two counts of burglary, and one count of grand theft. With the exception of one count of receiving stolen property—for which no verdict was returned—petitioner was found guilty of the remaining charges. (*See* Doc. 9, Ex. 11 at PageID 160–61). On February 25, 2015, petitioner was sentenced to a total aggregate prison sentence of twenty years in the Ohio Department of Corrections. (Doc. 9, Ex. 5).

Petitioner, through different counsel, submitted a timely notice of appeal to the Ohio Court of Appeals. (Doc. 9, Ex. 6). Petitioner raised the following two assignments of error in his appellate brief:

1. THE TRIAL COURT ERRED BRINGING MR. ANDERSON TO TRIAL AFTER THE 90 DAY DEADLINE FOR A SPEEDY TRIAL PURSUANT TO R.C. 2945.71 (C) and (E) HAD PASSED.

2. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS RESTITUTION ORDER

(Doc. 9, Ex. 7). On September 30, 2016, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 9, Ex. 11).

## Ohio Supreme Court

On November 10, 2016, petitioner filed a pro se notice of appeal to the Ohio Supreme Court. (Doc. 9, Ex. 12). In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

> Appellant was prejudicially deprived of his rights to a fair, impartial, and speedy jury trial on direct appeal as secured by the Fifth, the Sixth and the Fourteenth Amendments to the United States Constitution and Article I, Section 10, 18 and 16 of the Ohio Constitution.

(Doc. 9, Ex. 13). On March 15, 2017, the Ohio Supreme Court declined jurisdiction of the appeal. (Doc. 9, Ex. 15).

## Federal Habeas Corpus

On March 12, 2018, petitioner commenced the instant federal habeas corpus action. (Doc. 1). Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE**: The trial court erred by bringing Mr. Anderson to trial after the 90 days deadline for a speedy trial pursuant to R.C. 2945.71(C) and (E). The record shows that Mr. Anderson was in jail from arrest until trial and that he was brought to trial after 90 days Speedy Trial requirement passed and as such Scioto County Common Pleas Court, or any other court, lost jurisdiction and the matter should have been dismissed with prejudice, was arrested on 11/14/14 went to trial on 2/23/15 = 102 days this make the court violated the Speedy Trial Rights, which 90 days x 3 = 270 here 102 x 3 = 306 total. (EXHIBIT-AA) State v. Smith, 2011-Ohio-5750, [HN 1, 3, 4, 5].
>
> Supporting Facts: The right to a speedy trial is guaranteed by the 6th Amend. and the 14th and Ohio Const. art. I, § 10, pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73, this the State must bring the accused to trial. Upon these findings the state must discharge the accused.

(Doc. 3 at PageID 49).

Respondent has filed a return of writ in opposition to the petition. (Doc. 10). According to respondent, petitioner's ground for relief is without merit. As noted above (*see supra* n.1),

3

although petitioner was granted two extensions of time to file a reply to the return of writ, he has failed to file a reply.

## II. THE PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty

4

Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600.

As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law

5

beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 565 U.S. at 38, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. __, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at __, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'*" *Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

In this case, the Ohio Court of Appeals was the only state court to issue a reasoned

opinion addressing petitioner's speedy trial claim:

> {¶ 16} Anderson argues that the trial court erred by bringing him to trial after the 90 day deadline for a speedy trial pursuant to R.C. 2945.71(C) and (E) had passed. Anderson contends that because his trial occurred after his speedy trial time expired the matter should have been dismissed with prejudice. Although the State concedes that Anderson made a prima facie case of a violation of his speedy trial rights, the State contends that several events tolled the time in which Anderson had to be brought to trial.
>
> {¶ 17} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial. *State v. Blackburn,* 118 Ohio St.3d 163, 2008–Ohio–1823, 887 N.E.2d 319, ¶ 10.
>
> {¶ 18} R.C. 2945.71 provides that a person against whom a felony charge is pending shall be brought to trial within 270 days after arrest. *Id.* at (C)(2). If an accused is in jail in lieu of bail solely on the pending charge, the statute mandates that each day count as three days for purposes of speedy trial calculation. *Id.* at (E). If an accused is not brought to trial within the statutory time limit, the accused must be discharged. R.C. 2945.73(B). However, the R.C. 2945.71 time limits can be extended for any reason set out in R.C. 2945.72, but those extensions must be strictly construed against the State. *See State v. Alexander,* 4th Dist. Scioto No. 08CA3221, 2009–Ohio–1401, ¶ 17; *State v. Monroe,* 4th Dist. Scioto No. 05CA3042, 2007–Ohio–1492, ¶ 27.
>
> {¶ 19} "Upon establishing that more than 270 days has passed before trial, a defendant establishes a prima facie case for dismissal based on a speedy trial violation." *State v. Davis,* 4th Dist. Scioto No. 12CA3506, 2013–Ohio–5311, ¶ 19. Once a defendant presents a prima facie case for dismissal, then the burden shifts to the State to prove that the limitations have not expired, either by showing that the time limit was extended by R.C. 2945.72, or by establishing that the accused is not entitled to the triple count provision in R.C. 2945.71(E). *Id.; Carr,* 2013–Ohio–5312 at ¶ 13; *State v. McGhee,* 4th Dist. Lawrence No. 04CA15, 2005–Ohio–1585, ¶ 39.
>
> {¶ 20} The trial time tolling provisions are set forth in R.C. 2945.72, which provides, in pertinent part, as follows:
>
>> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

7

\* \* \*

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

\* \* \*

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]

{¶ 21} In this case, approximately 102 actual days or 306 triple count days elapsed between the date of Anderson's arrest on November 13, 2014, and the date of filing of the motion to dismiss, February 23, 2015. Anderson has thus established a prima facie case of a speedy trial violation; and the burden is on the State to show that a violation has not occurred. We are mindful that we must construe extensions of time under R.C. 2945.72 strictly against the State. *State v. Singer,* 50 Ohio St.2d 103, 108–09, 362 N.E.2d 1216 (1977).

{¶ 22} We first note that Anderson's date of arrest was November 13, 2014. The date of arrest does not count against the State in computing the 90 days. *State v. Younker,* 4th Dist. Highland No. 07CA18, 2008–Ohio–6889, ¶ 15, citing *State v. Madden,* 10th Dist. Franklin No. 04AP–1228, 2005–Ohio–4281, ¶ 28; *see also* Crim.R. 45(A). Therefore, we begin our calculations on November 14, 2014.

{¶ 23} Next, we consider the filing of Anderson's motion for discovery as a tolling event. The Ohio Supreme Court has held that a defendant's motion for discovery tolls the speedy trial statute. *State v. Sanchez,* 110 Ohio St.3d 274, 2006–Ohio–4478, 853 N.E.2d 283, ¶ 25. Anderson states in his appellate brief that he submitted his motion for discovery on January 12, 2015; but, according to the State's Information to the Court filed on February 25, 2015, Anderson submitted his Request for Discovery electronically on January 9, 2015. The State then purportedly responded electronically on January 14, 2015, according to the State's certificate of service; however, the State alleges that it responded to the discovery request on January 16, 2015, which is the date the response was filed in the Clerk of Court's office.

{¶ 24} The discrepancy in the dates is immaterial as Anderson also filed a Motion to Preserve Evidence on January 12, 2015. The trial court ruled on Anderson's Motion to Preserve Evidence on January 23, 2015. R.C. 2945.72(E) provides that "[a]ny period of delay necessitated by reason of a \* \* \* motion \* \* \* made or

8

instituted by the accused" may toll time for speedy trial purposes. The Ohio Supreme Court also states:

> We do not agree that the state has an affirmative duty to show that a motion diverted the prosecutor's attention or caused a delay in the proceedings before speedy-trial time is tolled. It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension. R.C. 2945.72(E) implicitly recognizes that when a motion is filed by a defendant, there is a "period of delay necessitated"—at the very least, for a reasonable time until the motion is responded to and ruled upon.

*Sanchez* at ¶ 26. *Accord United States v. Rush,* 738 F.2d 497, 502 (1st Cir. 1984) (filing of a motion to preserve evidence and the ruling thereon is a period of delay which shall be excluded in computing the time within which the trial must commence). Thus, the time from January 10, 2015 through January 23, 2015 is tolled for speedy trial purposes.

{¶ 25} Once the motion to preserve evidence was ruled upon by the trial court, the time continued to elapse. Starting on January 24, 2015, we look to the next event— the jury trial that was scheduled for February 9, 2015—to examine whether the speedy trial time should toll. Again, we are mindful that we must construe extensions of time under R.C. 2945.72 strictly against the State. *Singer,* 50 Ohio St.2d at 108–09, 362 N.E.2d 1216. The trial court stated the following:

> THE COURT: But you understand that my ability to seat a jury today with 12 people and no alternate if your calculations are wrong on time then that's a problem. The bottom line is I'm able to seat a jury, but I don't have any alternate today, are you willing to take that risk?

The trial court recognized that the continuance of the trial could be a problem. We believe that the time period from January 24, 2015 through the next scheduled jury trial of February 17, 2015 should not be excluded in computing the time within which the trial must commence. Consequently, the days from January 24, 2015 through February 17, 2015 counted towards the time in which Anderson needed to be tried.

{¶ 26} Anderson's case came before a jury again on February 17, 2015. This time, the trial court simply did not have enough jurors to comprise a panel of twelve jurors. Both the State and Anderson's attorney agreed that they had made every effort to seat a jury; but they were unable to seat twelve jurors. The trial court was forced to declare a mistrial. The Judgment Entry declared that "[t]he speedy trial time, pursuant to R.C. § 2945.71, is hereby tolled pursuant to R.C. § 2945.72(H)." R.C. 2945.72(H) provides that "[t]he time within which an accused

9

>   must be brought to trial * * * may be extended only by * * * [t]he period of any reasonable continuance granted other than upon the accused's own motion[.]" We find that this continuance was reasonable, especially in light of the parties' agreement that they had made every effort to seat a jury, but were unable to do so. Accordingly, the time period of six days from February 18, 2015 through February 23, 2015 was tolled.
>
>   {¶ 27} In total, Anderson was incarcerated for 102 days prior to the filing of the motion to dismiss on speedy trial grounds. Eighty-two of the 102 days elapsed towards the time counted against the State for speedy trial purposes. Twenty days of the 102 days were tolled. As a result, we find that the State has met its burden to show that a violation has not occurred.

(Doc. 9, Ex. 11 at PageID 165–170 (footnote omitted)).

Upon review of the petition and record in this case, the Court finds that petitioner is not entitled to federal habeas relief. As an initial matter, because the federal habeas court only has jurisdiction to consider whether petitioner's confinement violates the Constitution, laws or treaties of the United States, petitioner is unable to prevail on any claim of error under Ohio's speedy trial statute or state case-law interpreting the Ohio statute. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). *Cf. Wilcher v. Rose*, No. 95-3835, 1996 WL 262951, at *1 (6th Cir. May 16, 1996) (citing *Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984)) (holding that "[t]he district court properly found that [the habeas petitioner's] speedy trial claim was not cognizable insofar as it was based solely on state law"); *Herron v. Kelly,* Case No. 1:10-cv-1783, 2013 WL 3245326, at *5 (N.D. Ohio June 26, 2013) (holding that the petitioner's speedy trial claim, which was "premised on his interpretation of his state statutory rights," did not constitute a "cognizable claim for federal habeas relief"); *Younker v. Warden, Chillicothe Corr. Inst.*, No. 1:10-cv-875,

10

2011 WL 2982589, at *10 (S.D. Ohio June 24, 2011) (Bowman, M.J.) (Report & Recommendation) (and cases cited therein) (holding that "to the extent petitioner's arguments for relief are based solely on a violation of Ohio's speedy trial statute or other error under Ohio law, he does not present a cognizable federal constitutional claim subject to review in this proceeding"), *adopted*, 2011 WL 2976790 (S.D. Ohio July 22, 2011) (Dlott, J.). The Court only has jurisdiction to consider whether the pre-trial delay amounted to a violation of petitioner's federal constitutional speedy trial right.

The Sixth Amendment guarantees a defendant the right to a speedy trial, which involves a fact-intensive inquiry requiring the balancing of (1) "whether [the] delay before trial was uncommonly long;" (2) "whether the government or the criminal defendant is more to blame for the delay;" (3) "whether, in due course, the defendant asserted his right to a speedy trial;" and (4) "whether he suffered prejudice as the delay's result." *Doggett v. United States,* 505 U.S. 647, 651, 655 (1992); *Barker v. Wingo,* 407 U.S. 514, 530 (1972); *see also Wilson v. Mitchell,* 250 F.3d 388, 394 (6th Cir. 2001).

"The first factor serves a dual function." *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003). First, as a threshold requirement, the Court must determine that the length of delay is presumptively prejudicial. *Id.* "[T]he length of the delay is the triggering factor because 'until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *Wilson,* 250 F.3d at 394 (quoting *Barker,* 407 U.S. at 530); *see also Doggett,* 505 U.S. at 651-52. If the length of the delay is found to be "presumptively prejudicial," it must then be considered "as one factor among several" in

11

determining whether the accused was deprived of his Sixth Amendment speedy trial right. *See Doggett,* 505 U.S. at 652 (citing *Barker,* 407 U.S. at 533-34).

Petitioner has failed to make a threshold showing of prejudice. Although delays approaching one year are "presumptively prejudicial" and thus satisfy the threshold requirement for review of a speedy trial claim under the four-factor balancing test, *see, e.g., Doggett*, 505 U.S. at 652 n.1; *Robinson*, 455 F.3d at 607, the delay that occurred in this case between petitioner's arrest on November 13, 2014 and trial on February 23, 2015 was less than four months. Furthermore, in assessing the length of the delay, "only those periods of delay attributable to the government or the court are relevant to [petitioner's] constitutional claim." *United States v. Howard*, 215 F.3d 556, 564 (2000). As observed by the Ohio Court of Appeals, petitioner filed pretrial motions, including a motion for discovery and motion to preserve evidence, which were pending between January 9, 2015 and January 23, 2015. (*See* Doc. 9, Ex. 11 at PageID 168–69). The relevant period of delay for petitioner's speedy trial claim is therefore 88 days, or less than three months.[2]

Because the length of the delay was not "uncommonly long," petitioner is unable to demonstrate that Sixth Amendment speedy trial concerns are implicated in this case.[3] *See*

---

[2] Fifty-seven days passed between petitioner's November 13, 2014 arrest and his January 9, 2015 motion for discovery, the first of his pretrial motions. The trial court denied petitioner's motion to preserve evidence on January 23, 2015 and, thirty-one days later, petitioner filed his motion to dismiss.

[3] *See*, *e.g., United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) (finding that a "six-and one half month delay is not excessive and does not rise to the level of constitutional violation"); *see also Bennett v. Warden*, No. 2009-cv-00622, 2011 WL 901529, at *1 (S.D. Ohio Mar. 15, 2011) (six month delay not presumptively prejudicial); *Wilcher v. Rose*, No. 95-3835, 1996 WL 262951, at *1 (6th Cir. May 16, 1996) (finding that ten and one half month pretrial delay did not create a presumption of prejudice); *Smith v. Brigano*, No. 94-3764, 1995 WL 283781, at *2 (6th Cir. May 10, 1995) (finding six and one-half month delay, even if entirely attributable to the state, is not presumptively prejudicial); *United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002) (eight-month-and-three-week delay not presumptively prejudicial).

*Schreane*, 331 F.3d at 553 ("if the delay is not uncommonly long, judicial examination ceases"). *Cf. Herron*, *supra*, 2013 WL 3245326, at *6 (holding that the six-month delay between the petitioner's arrest and entry of his guilty plea was not "presumptively prejudicial" and that, therefore, the Court could conclude that the petitioner's constitutional right to a speedy trial was not violated without considering the other three *Barker* factors); *see also United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (involving nine-month delay between the indictment and trial date).

Moreover, even if petitioner could satisfy his threshold showing that the delay in his case was "presumptively prejudicial," upon consideration of the remaining *Barker* factors, the undersigned is convinced that petitioner is not entitled to habeas corpus relief on his claim that he was deprived of his constitutional right to a speedy trial. While petitioner did assert his right to a speedy trial in the state court proceedings, the delays not attributable to petitioner were not excessive, intentional, or motivated by bad faith. *See Barker,* 407 U.S. at 531; *Doggett,* 505 U.S. at 656–57; *Schreane*, 331 F.3d at 553–54. As noted above, aside from delay related to petitioner's motions, the trial was continued on two occasions: first, on February 9, 2015, because an alternate juror could not be seated and second, on February 7, 2015, because weather conditions prevented jurors from making it to the courthouse. With respect to the second continuance, both parties agreed that every effort had been made to seat a jury.[4] Finally, with respect to the fourth *Barker* factor, at no point in this proceeding or in the state courts has petitioner argued or demonstrated that he was prejudiced in any way by the brief delays. *See Schreane*, 331 F.3d at 559 (quoting *Howard*, 215 F.3d at 564) ("If 'the government prosecutes a

---

[4] Taken together, the continuances resulted in a delay of fourteen days, from February 9, 2015 to February 23, 2015.

13

case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay.'").

Accordingly, in sum, this Court concludes petitioner was not denied his Sixth Amendment right to a speedy trial. Petitioner is therefore not entitled to federal habeas corpus relief based on Ground One of the petition, his sole ground for relief.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in the petition, which has been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 4/29/19          *s/ Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES D. ANDERSON,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:18-cv-149

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).